UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

                         Plaintiff,

                 -against-

OFFICER BERNIER, et al.,

                         Defendants.

23-CV-7222 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        By order dated April 12, 2023, the Court granted Plaintiff leave to file a second amended

complaint to assert claims that he asserted in his original complaint, that is, claims that arose at

the George R. Vierno Center on Rikers Island, from October 8, 2021, to December 2, 2022,

including claims that correctional staff sexually assaulted him from October 2021 until August

2022, and then retaliated against him after he allegedly refused to participate in any sexual

conduct. The Court cautioned Plaintiff not to reassert claims raised in his other pending cases,

*Thompson v. City of New York*, No. 21-CV-10371 (S.D.N.Y.), *Thompson v. City of New York*,

No. 22-CV-1458 (S.D.N.Y.), and *Thompson v. Lemon*, No. 23-CV-2102 (S.D.N.Y.). That order

specified that failure to comply with the order would result in dismissal of the amended

complaint.

        Following the issuance of the April 12, 2023, order, the Court learned that Plaintiff was

transferred from Elmira Correctional Facility to Mid-State Correctional Facility; it is therefore

unclear whether he ever received the Court's order.

## CONCLUSION

Accordingly, the Court grants Plaintiff an additional 30 days from the date of this order to file a second amended complaint. In the alternative, should Plaintiff intend to withdraw this action, because he previously asserted the claims here in one of his other pending actions, he must notify the Court in writing, within 30 days of the date of this order, that he seeks a voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. A voluntary dismissal would be without prejudice to Plaintiff continuing to pursue those claims in his other actions.

The Clerk of Court is directed to attach to this order (1) a copy of the April 12, 2023, order; (2) a second amended complaint form; and (3) a retainer and intake form provided by the New York Legal Assistance Group.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                 Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

                                    Plaintiff,

                    -against-

DETECTIVE JAMES QUILTY, et al.,

                                    Defendants.

22-CV-7222 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who currently is in pretrial detention on Rikers Island, brings this *pro se* action

under 42 U.S.C. § 1983, asserting claims arising out of his arrest and current detention. By order

dated August 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.[1] On September 26, 2022, Plaintiff informed the

court that he wished to file an amended complaint (ECF 5), and on December 8, 2022, he

submitted an amended pleading, which asserted several new claims (ECF 6). The Court has

reviewed this amended complaint, and for the reasons set forth below, grants Plaintiff 60 days to

file a second amended complaint.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

---

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff has filed four actions in this court that are pending. Some of the allegations in the four actions overlap. Below, the Court briefly describes each proceeding.

### A.   Current Action ("*Thompson III*")

Plaintiff filed the instant action, asserting claims arising out of his arrest and detention. He then filed an amended complaint, primarily asserting new claims. The following facts are drawn from both pleadings.

#### 1.   Arrest Claims

Plaintiff brings claims arising out of his March 1, 2019, arrest. He names as defendants: Gina Ransdell, his ex-girlfriend; Detectives Quilty and John Does #1-#2; Assistant District Attorney ("ADA") Jaile Caitlyn, a Manhattan ADA who prosecuted Plaintiff; and the City of New York. In his original complaint, Plaintiff describes the incident that led to his arrest. In March 2019, Ransdell lied when

> she told the cops that I had assaulted her and robbed her on the 6th October/2018. She told the Detective James Quilty, which in turn James Quilty told her that he knows she's lying but he can he[l]p her seek revenge by help[ing] fabricate the chain of events and help get rid of evidence that will help the defendant, and also James Quilty told Gina Ransdell that he got people inside the Manhattan District Attorney Office who will help steer the grand jury to indict Kwaine Thompson.[2]

---

[2] The Court quotes from Plaintiff's pleadings. All spelling, punctuation, and grammar are as in the original, unless noted otherwise.

(ECF 2, at 8.) Six months after reporting Plaintiff's alleged conduct to the police, Ransdell

confessed to Plaintiff that she had lied and then agreed to participate in "a video confession."

(*Id.*) In August 2021, Plaintiff provided this video to Defendant ADA Caitlyn, but Plaintiff was

not released. (*Id.*)

According to publicly available records maintained by the New York State Unified Court

System, Plaintiff's criminal case has been ongoing since March 1, 2019, when he was arrested.

*See People v. Thompson*, No. 00794-2019 (N.Y. Sup. Ct., N.Y. Cnty.). Plaintiff has been charged

with first-degree rape, second-degree coercion, second-degree strangulation, second-degree

coercion, and two counts of forcible sexual acts. *Id.* His next appearance is April 18, 2023. *Id.*

### 2.    Detention Claims

In his original complaint, Plaintiff also asserted claims that arose during his detention at

the George R. Vierno Center ("GRVC") on Rikers Island. He alleges:

> I was pulled in by a sex cult that's been rampant at G.R.V.C. and I have been on
> court-order status, which means I'm lock[ed] in my cell for 23/hours out [of] the
> day/365. I was told by C.O. Pierce that he like to get flash with penis and he like
> sex talk every once in a while, he told [me] if I can obliged him I will be let out of
> my cell at least 12 hours out [of] the day, no matter what supervisor is around, and
> he then told me about the other three steady officers, who like to fondle dick and
> get flash and will keep me out in my cell for at least 12/hours out [of]t he day.

(*Id.* at 8.) Plaintiff contends that Defendants (1) Correction Officers Kenol, Mason, Bernier,

Russell, Walker, Leitch; (2) Captain Jones; (3) Nurse Ms. Blount; and (4) Doctors Palam and

Askari "regularly and routinely sexually abused, victimized, and harassed" Plaintiff. (*Id.* at 9.)

For example,

> on or about October 8, 2021, Defendants C.O. Pierce introduce[d] me to the
> housing unit 2/A program and as long as I cooperate[d] I will not have to spend
> 23/hours in my cell, but I must also take care of C.O. Bernier, and C.O. Mason
> C.O. Kenol. He told me that it I follow the program I could get drugs, law library,
> cigarettes, extra time on the visit floor, extra food, but I must please sexually the
> said officer desires.

(*Id.* at 9.) After agreeing to this arrangement for nine months, Plaintiff then stopped participating

in the agreement on August 10, 2022 (*id.* at 10), at which time

> they came down hard on me. I was locked in my cell, I had numerous suicide
> attempts, my job was taken away, my visits was taken away totally, and my
> medical appointments denied . . . . They changed my pin number so I can't make
> a 311 complaint call to alert the City of what's going on inside this jail. They
> made sure I can't call the P.R.E.A. hotline to report the sexual abuse that's
> rampant inside the notorious Riker's Island.

(*Id.*)

Plaintiff asserts that because he filed another action against GRVC Warden Renee Dunbar

and Captain Carter, *see Thompson v. City of New York*, ECF 21-CV-10371, 53 (S.D.N.Y.)

("*Thompson I*"), correctional staff have retaliated against him. For example, Plaintiff

> was told by C.O. Pierce and C.O. Mason, that as long as I got a lawsuit pending
> against Warden Renee, and Captain Carter, they will not move me to heat
> sensitive housing, but if I can continue to have sex with the steady officers they
> can guarantee that I get let outside my cell daily. . . . For the past 3 months
> Captain Jones has been coming to housing area 2/A, Just to try to get me to drop
> the lawsuit so I can get my visits back, and I keep telling her that I won't drop the
> lawsuit, and she keep saying . . . that she will make sure I will never get another
> visit as long as I stay here.

(*Id.* at 11.)

Plaintiff also brings medical claims against correctional staff. On July 23, 2022, Plaintiff

informed Defendant Dr. Balam that he believed he had contracted the monkey pox virus because

he had "big blisters that hurt on my feet" and "constant headaches," but Balam refused to test

Plaintiff for the virus. (*Id.* at 12.) Balam "then made a sexual gesture towards me." (*Id.* at 13.)

After returning to the medical clinic, Defendant Nurse Blount refused to test Plaintiff and

Defendant Dr. Askari also refused, informing Plaintiff that he was refusing to test him because

Plaintiff was "suing good correction officers, and he don't like it." (*Id.*) In letters written in July

2022, to the Honorable Neil Ross, the state court judge who was presiding over Plaintiff's

criminal case, Plaintiff informed the judge that correctional staff refused to test Plaintiff for the monkey pox virus; in response, Judge Ross ordered that Plaintiff be tested. (*Id.*)

**3.   Amended Complaint**

Plaintiff filed an amended complaint, in which he names the same defendants as in his original complaint, although he does not reassert his original claims with the same detail as in his original complaint. He instead details new claims that appear to overlap with his litigation in *Thompson I*. As discussed below, those claims include: (1) a First Amendment claim, alleging denial of visitation and restriction of his telephone and law library access; (2) violations of his right to exercise his religion, as recognized under the Religious Land Use Institutionalized Persons ("RLUIPA") Act; (3) excessive search and seizures of his cell, in violation of the Fourth Amendment; (4) violation of privacy of medical information and examination, as recognized under the Fourteenth Amendment; (5) denial of due process during disciplinary hearings, as recognized under the Fifth Amendment;[3] (6) discrimination claims, based on his religion, race, and gender, in violation of the Fourteenth Amendment's Equal Protection Clause; (7) discrimination claims based on Plaintiff's mental illness, deafness, and vision problems; and (8) denial of access to the courts and legal assistance, in violation of the Sixth Amendment. (ECF 6, at 6.)

Plaintiff also asserts claims that arose after he filed his original complaint, including: (1) a retaliation claim arising from his asserting "PREA allegations on a few officers," (*id.* at 14); (2) a claim concerning staff's refusal to treat Plaintiff for the monkey pox virus until he "dropped all these lawsuits," (*id.*); (3) a claim arising from the failure to provide privacy during phone

---

[3] The Fourteenth Amendment applies in cases where an individual detained in a municipal facility, like Rikers Island, asserts due process violations.

calls with his attorney (*id.* at 15); (4) more retaliation claims, for his prior litigation, involving spitting on his food and placement of garbage in it (*id.*); and (5) claims alleging the denial of sick call requests and refusal to send Plaintiff to the hospital following his having a "heart attack or stroke." (*id.* at 18).

The following defendants, who are named in the original complaint, are also named in the amended complaint: (1) Detective James Quilty, Detective John Doe #1, and Detective John Doe #2, (2) Gina Ransdell, (3) Assistant D.A. Jaile Caitlyn, (4) Officers Bernier, Pierce, Kenol;[4] (5) Captain Jones; (6) Doctors Balam and Askari; and (7) Nurse Blount.

Plaintiff added the following Defendants in the amended complaint: (1) City Health and Hospitals; (2) Officer Leitch, Walker (Law Library Officer), Russell, Branche, Orellana, Finely, Hickson, Crowell, (3) ADA Breen; (4) Warden Dunbar; (5) Iman Hassan, Spiritual Advisor; (6) Dr. Jean Giles Fritze; (7) Commissioner Louis Molina; (8) Captains Pringle, Peters, and Lemon; (9) Marta Fair and Marte; (9) Bellevue Doctors Honore, Marie Sampuer, and Carole Comas; (10) Deputy Warden Steve of Operations; (11) Deputy Warden Fleming; and (12) Assistant Deputy Warden Henry.

**B.**   ***Thompson I*, ECF 1:21-CV-10371 (VEC)**

In *Thompson I*, Plaintiff asserts claims against Warden Dunbar—who is named in the amended complaint in this action—and Captain Carter, alleging that during a December 6, 2021, lockdown, Plaintiff was denied access to religious services and the medical clinic. ECF 1:21-CV-10371, 2. On April 8, 2022, the defendants moved to dismiss the complaint, *id.* (Doc. No. 19), but withdrew the motion following Plaintiff's April 20, 2022, filing of an amended complaint, *id.* (Doc No. 25). In the amended complaint, Plaintiff reasserted his religious and medical claims,

---

[4] Plaintiff did not name Officer Mason in the amended complaint.

but described events that occurred after the December 6, 2021, lockdown. Following the

defendants' July 14, 2022, motion to dismiss, *id.* (Doc. No. 41), Plaintiff filed several letters

raising claims that had not been raised in his original complaint, *id.* (Doc. No. 46-49.). On July

28, 2022, Magistrate Judge Barbara Moses, to whom the case had been referred, construed

Plaintiff's letters as requesting leave to file an amended complaint and denied that request. *Id.*

(Doc. No. 50). On August 10, 2022, Plaintiff submitted another amended complaint, *id.* (Doc.

No. 53), and on October 5, 2022, an opposition to the defendants' motion to dismiss, *id.* (Doc.

No. 61).

On February 10, 2023, Magistrate Judge Moses directed the defendants to file copies of

the lockdown orders referenced in their motion to dismiss. *Id.* (Doc. No. 62.) Counsel for

defendants filed copies of four lockdown orders, issued in Plaintiff's criminal case, on November

19, 2019, August 31, 2021, October 12, 2021, and November 15, 2022. The November 19, 2019,

order addressed Plaintiff custody, and stated that DOC

> shall prevent the defendant from making telephone calls except to the defendant's
> attorney . . . while in the custody of the Department of Corrections by any means
> necessary, including 23 hour lockdown; and the Department of Corrections staff
> member will dial the phone and after determining that defendant's attorney is on
> the receiving end, will hand the telephone to the defendant.

*Id.* (Doc. No. 63-1, at 2.) The subsequent orders modified the November 19, 2019, order to

reflect Plaintiff's new counsel. *Id.* (Doc. Nos. 63-2, 63-3, 63-4.)

On March 17, 2023, Judge Caproni partially granted the defendants' motion to dismiss,

"except as to Plaintiffs deliberate indifference claim premised on the failure to provide

constitutionally-adequate medical treatment for his alleged mpox infection, his religious liberty

claims premised on the denial of access to religious congregations, and his equal protection

claim premised on the denial of access to the Quran." *Id.* (Doc. No. 64, at 17.)

**C.** *Thompson v. City of New York*, ==ECF 1:22-CV-1458, 45== (**"***Thompson II***"**)

In *Thompson II*, in which Plaintiff originally was represented by counsel, Plaintiff alleges that correctional staff sexually assaulted him, from September 2020, through December 18, 2021.[5] *Id.* at 5. Plaintiff names as defendants the City of New York, Correction Officers Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Captain Tony Montague. This action is ongoing and does not overlap with the allegations alleged in the other three actions, except to the extent that Plaintiff asserts that correctional staff are retaliating against him for his prior litigation.

**D.** *Thompson v. Lemon*, ==ECF 1:23-CV-2102, 2== (**"***Thompson IV***"**)

In *Thompson IV*, Plaintiff asserts claims that arose at West Facility and GRVC, after the filing of his amended complaint in this action, *Thompson III*. He refers to new events that occurred in 2023, and claims that the defendants in that action are retaliating against him for his prior litigation, including this action. For example, he alleges that while being transferred from GRVC to the West Facility,

> Security Officer McNeil and ADW Henry told me since I like filing lawsuits against us and our staff we are moving you to West Facility to make sure your tortured more, you will not be able to get no contact visits with your family, for now on you and your family will have booth visits and other jails will have contact visits except you.

*Id.* (==Doc. No. 1, at 5==.) Some of the defendants named in *Thompson IV* are also named in this action.

---

[5] Counsel for Plaintiff was relieved on February 21, 2023, and Plaintiff is proceeding *pro se*. ECF 1:22-CV-1458, 56.

## DISCUSSION

### A.    Prosecutorial Immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citations omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against Defendants ADA Jaile Caitlyn and ADA Breen are based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.      The Court Severs the Claims Arising Out of Plaintiff's Arrest and Ongoing Prosecution**

Plaintiff brings claims arising out of his March 1, 2019, arrest. These claims are brought against Detective Quilty, two John Doe Detectives, his ex-girlfriend, Gina Ransdell, who he alleges reported to the police that Plaintiff assaulted her in 2018, and the City of New York. The claims against these five defendants may be construed as asserting false arrest, fabrication of evidence, and malicious prosecution claims.[6] Because these claims are unrelated to the claims that arose at GRVC, the Court severs these claims from this action.

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers

---

[6] A civilian witness may be liable for malicious prosecution "if the information they falsely gave the prosecutor induced the prosecutor to act or if they conspire[d] with a complaining witness to manufacture evidence that is likely to influence the prosecutor's decision to commence proceedings." *Watson v. Grady*, No. 09–CV–3055 (KMK), U.S. Dist. LEXIS 103473, *17–18 (S.D.N.Y. Sept. 30, 2010) (internal quotations omitted).

"the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Here, Plaintiff's claims arising from his arrest and prosecution are wholly separate from his claims arising at GRVC and involve different defendants. The claims neither arise out of the same transaction nor raise any common questions of law or fact. Plaintiff's allegations that multiple defendants harmed him in separate incidents are insufficient to join them in a single action. *Deskovic*, 673 F. Supp. 2d at 167. Joinder of these unrelated matters thus does not comport with Rule 20(a).

Moreover, severance will not prejudice Plaintiff because the claims from his arrest and prosecution will be opened as a separate action and he will have an opportunity to litigate those claims.[7] *See, e.g.*, *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("Where certain claims are properly severed, the result is that there are then two or more separate 'actions.'")

---

[7] Plaintiff will be responsible for paying a new filing fee, as the claims arising out of his arrest and prosecution will be raised in a new civil action. Plaintiff's responsibility for a second fee may be a practical burden for him, but this circumstance will not prejudice him because he still may litigate these claims in a separate action.

(citation omitted). There is also no prejudice to defendants in having these unrelated claims proceed separately. The Court therefore directs the Clerk of Court to open the severed claims as a separate action naming Detective James Quilty, John Doe Detective #1, John Doe Detective #2, Gina Ransdell, and the City of New York as defendants.

## C.  Leave to Amend Claims that Arose at GRVC

The Court grants Plaintiff leave to file a second amended complaint to assert the claims that he asserted in his original complaint, that is, the claims that arose at GRVC from October 8, 2021, to December 2, 2022, including the claims that correctional staff sexually assaulted him from October 2021 until August 2022, and then retaliated against him after he allegedly refused to participate in any sexual conduct. Plaintiff must not reassert any claims that he currently is litigating in *Thompson I*, *Thompson II*, and *Thompson IV*.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

12

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint **will completely replace, not supplement,** the amended complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**The Court also strongly encourages Plaintiff to limit the page count of his second amended complaint to under 30 pages.** Plaintiff is not required to submit exhibits at this time.

### D.     New York Legal Assistance Group

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer retainer, and intake form are attached to this order.

### E.     Request for Preliminary Injunctive Relief

Plaintiff has filed a submission seeking injunctive relief regarding the restrictions that have been put in place as a result of the lockdown orders issued in his criminal case. These restrictions are at issue in Plaintiff's litigation in *Thompson I*. For this reason, this Court declines

13

to rule on Plaintiff's request for injunctive relief and the request is denied without prejudice to seeking specific injunctive relief in the future.

### CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Second Amended Complaint," and label the document with docket number 22-CV-7222 (LTS). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court directs the Clerk of Court to open a new civil action and include as the defendants: Detective James Quilty, John Doe Detective #1, John Doe Detective #2, Gina Ransdell, and the City of New York. The Court also directs the Clerk of Court to file the original complaint from this action, and a copy of this order, in the new civil action.

The Court dismisses all claims brought against Defendants Caitlyn and Breen because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's request for preliminary injunctive relief (ECF 8) is denied.

The Court certifies under <mark>28 U.S.C. § 1915(a)(3)</mark> that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, <mark>369 U.S. 438, 444-45</mark> (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 12, 2023
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**SECOND AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under <mark>42 U.S.C. § 1983</mark> (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
### New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                    _____
Signature                                                                          Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NYLAG**
New York | Legal Assistance Group

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**SECOND AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Revised 10/30/22

# NYLAG
### New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____                    _____
Signature                                                  Date




**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NY LAG**
New York  Legal Assistance Group

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)**_____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

