UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                         Plaintiff,<br>            -against-<br><br>OFFICER BERNIER, et al.,<br><br>                        Defendants. | 22-CV-7222 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated April 12, 2023, the Court granted Plaintiff leave to file a second amended complaint. That order specified that failure to comply would result in dismissal of the amended complaint for failure to state a claim. Following the issuance of the April 12, 2023 order, the Court learned that Plaintiff had been transferred from Elmira Correctional Facility to Mid-State Correctional Facility. Because it was not clear that Plaintiff had received the April 12, 2023 order, on July 11, 2023, the Court issued an order granting Plaintiff an additional 30 days to file a second amended complaint, and the Clerk's Office mailed the order to Plaintiff at Mid-State Correctional Facility. Plaintiff has not filed a second amended complaint or otherwise communicated with the Court regarding this action. Accordingly, Plaintiff's amended complaint, filed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), is dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

      A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Court dismisses Plaintiff's amended complaint, filed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   September 5, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge